# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| JOSE D. IRAHETA,<br><br>*Plaintiff*,<br><br>v.<br><br>HOUSTON COUNTY; CULLEN TALTON; SOUTHERN CORRECTIONAL MEDICINE LLC; CITY OF WARNER ROBINS; SACAL ENVIRONMENTAL & MANAGEMENT COMPANY; and JOHN DOE (1 thru 20)<br><br>*Defendants.* | CIVIL ACTION NO.<br>5:21-cv-00104-TES |

## AMENDED ORDER[1]

In his Second Amended Complaint [Doc. 24], Plaintiff Jose D. Iraheta alleges that Defendant Sacal Environmental & Management Company ("Sacal") violated his constitutional rights by demolishing his property pursuant to a contract that the corporation made with the City of Warner Robins. [Doc. 24, ¶¶ 3, 141, 217, 219]. On July 23, 2021, the Court received a filing signed by Defendant Sacal's president that was styled as a responsive pleading to the Second Amended Complaint. [Doc. 39]. However, Defendant's president is not a licensed attorney admitted to practice law in either the

---

[1] The Court **VACATES** its previous Order [Doc. 45] and replaces it with this Order to amend the filing date from "July 30, 2021," to today's date, July 26, 2021. Thus, Defendant Sacal has 21 days from July 26, 2021, to obtain appropriate legal counsel.

Middle District of Georgia or the State of Georgia. Therefore, upon receipt of Defendant Sacal's pleading, Plaintiff moved to strike it from the record because it was not filed by a licensed attorney. *See* [Doc. 40].

It has long been true that a corporation or other artificial entity cannot appear in federal court unless it is represented by counsel. *See Rowland v. California Men's Colony*, 506 U.S. 194, 201–02 (1993) ("It has been the law for the better part of two centuries . . . that a corporation may appear in federal courts only through licensed counsel[.]."); *see also* Order, *Gibson v. TMS Collections Servs., LLC and Gaye-Nola Burton*, No. 5:19-cv-00440-TES (M.D. Ga. Jan. 15, 2020), ECF No. 9. This rule applies "even where the person seeking to represent the corporation is its president and major stockholder." *Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385 (11th Cir. 1985). Accordingly, Defendant Sacal must obtain legal counsel in order to defend itself in this action.

Therefore, the Court **DIRECTS** Defendant Sacal to obtain appropriate legal counsel who must file any responsive pleading on the corporation's behalf within **21 days** from the date of this Order. The Court will not consider any documents filed on behalf of Defendant Sacal that are not submitted by its legal counsel. And, as one final note, the Court advises Defendant Sacal that if fails to submit an appropriate pleading through counsel, then the Court may strike its Answer for noncompliance.

**SO ORDERED**, this 26th day of July, 2021.

S/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**