# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| **JOSÉ D. IRAHETA,**<br><br>*Plaintiff*,<br><br>v.<br><br>**HOUSTON COUNTY,** *et al.*,<br><br>*Defendants.* | **CIVIL ACTION NO.**<br>**5:21-cv-00104-TES** |

## ORDER DENYING MOTION FOR DEFAULT JUDGMENT

The Court is currently considering Plaintiff's Motion for Default Judgment against Defendant SACAL Environmental & Management Company ("SACAL"). [Doc. 62]. As detailed below, because the Court finds that Plaintiff's Second Amended Complaint fails to state a claim upon which relief may be granted against this Defendant, the Court **DENIES** Plaintiff's Motion for Default Judgment. [Doc. 62].

## BACKGROUND

On July 5, 2021, Plaintiff filed his Second Amended Complaint [Doc. 24] against various defendants. In pertinent part, Plaintiff alleged SACAL, a private entity, violated his constitutional rights by demolishing his property. Consequently, he sought monetary damages under 42 U.S.C. § 1983 to remedy the alleged constitutional violations. Additionally, Plaintiff brought a myriad of state law claims alleging fraud,

conspiracy, and violations of multiple Georgia statutes. SACAL's president, Samuel Jones, filed an Answer [Doc. 39] to Plaintiff's Second Amended Complaint on July 23, 2021, and asked to be removed as a party. On the same day, Plaintiff filed a Motion to Strike SACAL's Answer [Doc. 40] for failing to retain and respond through legal counsel. The Court issued an Amended Order [Doc. 46] informing SACAL of the requirement that a corporate entity be represented by counsel and directing it to obtain appropriate legal counsel and file any responsive pleadings within 21 days of July 26, 2021. The Court then warned SACAL that if it failed to comply with its Order, it ran the risk of having the Court strike its Answer. [Doc. 46, p. 2]. Notwithstanding the Court's Order, SACAL failed to retain counsel to submit any responsive pleadings, so the Court struck its *pro se* answer. [Doc. 56]. Plaintiff then moved for the Clerk to put SACAL in default for not filing a proper answer [Doc. 58], which he did, and the Plaintiff later filed this Motion for Default Judgment [Doc. 62].

## DISCUSSION

### A. Legal Standard

"When a defendant has failed to plead or defend, a district court may enter judgment by default." *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1244 (11th Cir. 2015) (citing Fed. R. Civ. P. 55(b)(2)). The Eleventh Circuit has a strong policy of determining cases on their merits, and generally disfavors default judgments. *See id.* at 1244–45. Defaulted defendants are "not held to admit facts that are not well-pleaded or

2

to admit conclusions of law." *Id.* at 1245 (quoting *Cotton v. Mass. Mut. Life Ins. Co.*, 402 F.3d 1267, 1278 (11th Cir. 2005)). "Entry of default judgment is only warranted when there is a sufficient basis in the pleadings for the judgment entered." *Id.* (quoting *Nishimatsu Constr. Co. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). "The standard for a sufficient basis for the judgment [is] akin to that necessary to survive a motion to dismiss for failure to state a claim." *Singleton v. Dean*, 611 F. App'x 671, 671 (11th Cir. 2015) (citing to *Surtain*, 789 F.3d at 1244–45). Accordingly, "a default judgment cannot stand on a complaint that fails to state a claim." *Wilson v. Kelly*, No. 1:18-CV-05014-JPB, 2021 WL 4242539, at *1 (N.D. Ga. Jul. 21, 2021).

A complaint survives a motion to dismiss if it alleges sufficient factual matter (accepted as true) that states a claim for relief that is plausible on its face. *McCullough v. Finley*, 907 F.3d 1324 (11th Cir. 2018) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009)). The factual allegations in a complaint "must be enough to raise a right to relief above the speculative level" and cannot "merely create[] a suspicion of a legally cognizable right of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Complaints that tender "'naked assertion[s]' devoid of 'further factual enhancement'" will not survive against a motion to dismiss. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557) (alteration in original). In this regard, courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). But "*pro se* pleadings are held to a less stringent standard than pleadings drafted by

attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (citing *Fernandez v. United States*, 941 F.2d 1488, 1491 (11th Cir. 1991)).

## B. Defendant's Motion for Default Judgment

In his Motion for Default Judgment, Plaintiff claims that he has "sufficiently alleged that SACAL 'violated [his] constitutional rights by demolishing [his] property pursuant to a contract that the corporation made with the City of Warner Robins." [Doc. 62, ¶ 11 (quoting [Doc. 24, ¶¶ 3, 141, 217, 219])]. However, upon reviewing the Second Amended Complaint, the Court can't find such an allegation.

Paragraph 3 of the Second Amended Complaint includes "SACAL was operating and in charge of the demolition of Plaintiff's Property, pursuant to a contract by and between it and the City." [Doc. 24, ¶ 3]. In paragraph 141, Plaintiff asserts "SACAL . . . had a duty not to injure Plaintiff, not to violate Plaintiff's civil rights, not to violate Plaintiff's constitutional rights, not to violate Plaintiff's SCRA rights, and a duty to not demolish Plaintiff's property." [*Id.* at ¶ 141]. Plaintiff also alleges that "[a]t all times relevant hereto . . . Defendant SACAL . . . [was] employed by the City and acting on the City's behalf and premises within the scope of its business and in the prosecution of it." [*Id.* at ¶ 217]. Finally, Plaintiff asserts that "[a]s a result of the actions by . . . SACAL . . . in the City's employment, [he] has suffered damages, including loss of property, mental anguish, and severe emotional distress." [*Id.* at ¶ 219].

Plaintiff only mentions SACAL in four other paragraphs in his Second Amended Complaint. *See* [*id.* at ¶ 28 ("SACAL and all its agents and employees were also operating under color of law by virtue of the authority and responsibility delegated to it by Defendants City of Warner Robins")]; [*Id.* at ¶ 30 ("Defendant the City is vicariously liable for the acts, omissions, conduct and liability of SACAL")]; [*Id.* at ¶ 143 ("Defendants the City and SACAL were negligent when they failed to make reasonable efforts to 'salvage reusable materials for credit against the costs of demolition,' in violation of the City's Code § 6-344(f)")]; [*Id.* at ¶ 218 ("Defendant the City is responsible and liable for the previously described actions of Defendants SACAL, and JD11 thru JD20, as described herein vicariously via Respondeat Superior, O.C.G.A. § 51-2-2")]. Notably, despite asserting in his Motion for Default Judgment to the contrary, Plaintiff never explicitly states that SACAL "violated [his] constitutional rights by demolishing [his] property pursuant to a contract that [it] made with the City of Warner Robins." [Doc. 62, ¶ 11].

Although Plaintiff is entitled to a liberal construction of his pleadings due to his *pro se* status, these scant and conclusory allegations do not sufficiently state a claim.

First and foremost, Plaintiff asserts that "SACAL . . . had a duty . . . not to violate Plaintiff's constitutional rights." [Doc. 24, ¶ 141]. Not true. It is well established that the Fourteenth Amendment does not protect individuals from private conduct, no matter how "discriminatory or wrongful." *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 349 (1974).

5

Similarly, "the under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *Focus on the Fam. v. Pinellas Suncoast Transit Auth.*, 344 F.3d 1263, 1277 (11th Cir. 2003) (quoting *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49–50 (1999)). The question then becomes whether SACAL's conduct is "private action" or "state action" for purposes of constitutional protection or the availability of money damages under 42 U.S.C. § 1983.

The Eleventh Circuit has adopted three primary tests to determine when private conduct constitutes State action:

> "(1) the public function test; (2) the state compulsion test; and (3) the nexus/joint action test. The public function test limits state action to instances where private actors are performing functions traditionally the exclusive prerogative of the state. The state compulsion test limits state action to instances where the government has coerced or at least significantly encouraged the action alleged to violate the Constitution. The nexus/joint action test applies where the state has so far insinuated itself into a position of interdependence with the private party that it was a joint participant in the enterprise. We must determine on a case-by-case basis whether sufficient state action is present from a non-state actor (defendant) to sustain a section 1983 claim."

*Willis v. Univ. Health Servs., Inc.*, 993 F.2d 837, 840 (11th Cir. 1993) (citations omitted) (cleaned up).

Plaintiff attempts to hurdle this high burden by claiming "SACAL . . . [was] operating under color of law by virtue of the authority and responsibility delegated to it by Defendant[] City of Warner Robins." [Doc. 24, ¶ 28]. However, this assertion is not only conclusory, but it is also the quintessential legal conclusion that is not admitted by

6

a defendant in default. Moreover, Plaintiff's Second Amended Complaint lacks any supporting facts to sustain such a conclusion. Plaintiff candidly admits that the sole relationship between SACAL and the City of Warner Robins results from a "contract by and between [SACAL] and the City." [Doc. 24, ¶ 3]. Courts have consistently found that the mere performance of a public contract does not transform private conduct into state action. *See Rendell-Baker v. Kohn*, 457 U.S. 830, 841 (1982) ("Acts of such private contractors do not become acts of the government by reason of their significant or even total engagement in performing public contracts); *Munoz v. City of Union City*, 481 F. App'x 754, 761 (3d Cir. 2012) ("Simply because Nacirema performed pursuant to a public contract does not suffice to establish state action."); *Chompupong v. City of Schenectady*, No. 1:17-cv-929 (MAD/CFH), 2019 WL 3321874, at *5 (N.D.N.Y. Jul. 24, 2019) ("Rather, the allegations make clear that its actions were limited to fulfilling the terms of its contract with the government. Such facts do not support the conclusion that Jackson was acting under color of state law."); *Win & Son, Inc. v. City of Phila.*, 162 F.Supp.3d 449, 459 (E.D. Pa. 2016) ("[T]he fact that USAEM performed the work under the government's control, did so at the City's request, and received government funds does not make it a state actor. . . . Its actions were limited to fulfilling the terms of its contract with the government.")

Without asserting any further connection between SACAL and the City of Warner Robins beyond the contract for demolition, Plaintiff fails to show that SACAL

acted under color of state law so as to subject it to the prohibitions of the Constitution. Plaintiff fails to include any facts that hint at anything other than a contractual relationship between the two parties. Bottom line, Plaintiff failed to show that SACAL was anything more than a private actor. As such, Plaintiff's Second Amended Complaint (as it relates to SACAL) fails to state a claim upon which relief may be granted. Accordingly, the Court must **DENY** Plaintiff's Motion for Default Judgment.

## CONCLUSION

Plaintiff moved the Court for a Default Judgment as to Defendant SACAL because the Court struck its answer because it failed to retain legal counsel to submit its required responsive pleadings. While the Court's Clerk correctly placed SACAL in default, no Default Judgment can stand on a complaint that fails to state a claim. After close review of Plaintiff's Second Amended Complaint, the Court finds that Plaintiff failed to state a claim upon which relief may be granted against SACAL. Consequently, Plaintiff's Motion for Default Judgment [Doc. 62] is **DENIED**. Accordingly, the Court directs the Clerk of Court to **TERMINATE** Defendant SACAL as a party to this action.

**SO ORDERED**, this 21st day of October, 2021.

S/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**